UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE JONES,

        **Plaintiff,**             **CIVIL ACTION NO. 17-cv-13222**

        **v.**                **DISTRICT JUDGE SEAN F. COX**

**F.C.I. MILAN LOW STAFF** *et al.*,     **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is recommended that this action be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### II.    REPORT

Plaintiff Antoine Jones initiated this prisoner civil rights action against Defendants in their official and individual capacities on September 29, 2017, pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated his constitutional rights while he was incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI Milan). (Docket no. 1.) Plaintiff is proceeding *pro se*, but he is not proceeding *in forma pauperis*. Thus, as the court previously stated in a January 30, 2018 Order, it is Plaintiff's responsibility to serve the Complaint on Defendants; the court has no obligation to arrange for service of the Complaint. (Docket no. 5 at 6 (citing Fed. R. Civ. P. 4(c)).) The January 30, 2018 Order dismissed the Department of Justice and the Federal Bureau of Prisons

from this action and directed Plaintiff to serve the Complaint upon the remaining defendants.  (*Id*. at 5-6.)  It also provided Plaintiff with the following information and instructions regarding service:

> [T]he Court is mailing blank summonses to Plaintiff for him to complete and return to the Clerk of the Court for issuance.  After a deputy clerk issues the summonses, he or she will return the summonses to Plaintiff so that he can serve each of the remaining defendants with a copy of his complaint and a summons.  Plaintiff shall have ninety (90) days from the date of this order to serve the individual defendants. Any failure to serve the individual defendants within ninety days of this order may result in the dismissal of the complaint without prejudice.

(*Id*. at 6-7 (citing Fed. R. Civ. P. 4(m)).)  The court mailed the blank summonses to Plaintiff on the same date as the Order.  On February 2, 2018, the court referred this action to the undersigned for all pretrial proceedings.  (Docket no. 6.)

Plaintiff responded to the court's Order on February 13, 2018.  (Docket no. 7.)  The Response, in relevant part, contained the following requests: (1) to amend the Complaint to add a defendant; (2) for an extension of time to serve Defendants; (3) for a stay of this proceeding until June 29, 2018; and (4) for two additional blank summons forms.  (*Id.* at 2.)  Plaintiff requested extra time to serve Defendants on the basis that he was incarcerated and did not have sufficient information, *i.e.* residence or location information, with which to serve Defendants.  (*Id*.)  In the same breath, Plaintiff requested the name and contact information of defense counsel and Defendants' mailing addresses.  (*Id*.)  With regard to his request for a stay, Plaintiff informed that he was scheduled for release to a halfway house on May 29, 2018, and he requested a stay of this matter until June 29, 2018, thirty (30) days after his release, so that he could obtain an attorney and/or acquire additional information to serve Defendants.  (*Id*.)

Plaintiff nevertheless completed the blank summonses and returned them to the Clerk of the Court for issuance.  On February 14, 2018, the Clerk's Office issued summonses for Defendants Tomich, Broecker, McPeek, Dolber, Pearson, Terris, Easter, "A.W. at Milan Detention

Center," Boseman, and Tipton, and mailed them to Plaintiff so that he could serve Defendants. (Docket no. 8.)  The court subsequently received a document from Plaintiff, on April 2, 2018, in which Plaintiff informed the court that he served copies of the summonses and the Complaint via certified mail on (1) the Bureau of Prisons Federal Correctional Institution in Milan, Attention: General Counsel, 4004 East Akrona Road, Milan, MI 48160; and (2) the Bureau of Prisons Washington D.C. Central Office of General Counsel, Attention: Ken Hyle, 320 First Street NW, Washington, D.C. 20534.  (Docket no. 9.)  Plaintiff then stated that if this was not the correct procedure for serving Defendants under Federal Rule of Civil Procedure 4(i), then he wanted the Clerk of the Court to let him know so that he could correct his mistake.  (*Id.* at 1.)  Plaintiff also again asked the Clerk to give him the name and address of Defendants' counsel.  (*Id.*)

On May 24, 2018, Plaintiff filed a Request to Stay All Proceedings, in which he reiterated his previous request for a stay.  (Docket no. 10.)  In this Request, Plaintiff again explained that he was going to be released from prison to a halfway house on May 29, 2018.  He further explained that he could "start back proceeding" and send a change of address by June 14, 2018. (*Id.*)  Plaintiff sent notice of his change of address as promised on June 14, 2018, indicating that he had been released to the Hope Village Residential Reentry Center in Washington, D.C.  (Docket no. 11.)  In this notice, Plaintiff made another request for "(all) defendant's counsel complete address contacts."  (*Id.* at 2.)  He also asserted that "[n]o Defendant's has respond [sic] back or verified receipt of receiving the summons and attached complaint."  (*Id.*)

In a November 15, 2018 Order, the Court noted that Plaintiff attempted to serve Defendants on or about April 2, 2018, by sending copies of the summonses and the complaint to FCI Milan and to the Federal Bureau of Prisons in Washington, D.C., and the Court found that Plaintiff's attempt at service did not comply with the requirements of Federal Rule of Civil Procedure 4(i).

(Docket no. 12 at 5.)  The Court then noted that service should have been made on Defendants no later than April 30, 2018, pursuant to the court's January 30, 2018 Order and Federal Rule of Civil Procedure 4(m), the latter of which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Because none of the defendants had entered an appearance in this matter at that juncture, the Court ordered Plaintiff to show cause by December 17, 2018, regarding why Defendants should not be dismissed for Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m).  The Court also warned Plaintiff that failure to show good cause under the Order may result in the dismissal of Plaintiff's Complaint.[1]

Plaintiff responded to the Court's Order to Show Cause on December 18, 2018.  (Docket no. 13.)  In his Response, Plaintiff claims that he has followed the Clerk of the Court's instructions and Federal Rule of Civil Procedure 4(m).  He asserts that since he could not obtain contact information for Defendants or defense counsel, he had no other means of service than to mail copies of the summonses and the Complaint to the General Counsel at FCI Milan, which is Defendants' place of employment, and to Ken Hyle, General Counsel at the Bureau of Prisons Central Office in Washington D.C.  Plaintiff also asserts that "[b]oth General Counsels are clearly authorized agents for the defendants."  He submits as proof of service a copy of the summons addressed to Defendant Tomich, which has a date stamp showing that it was received by the

---

[1] In the Order to Show Cause, the Court also (1) informed Plaintiff that his requests to amend the Complaint, for an extension of time, and to stay were procedurally improper, because a request for a court order must be made by motion pursuant to Fed. R. Civ. P. 7(b)(1), and any motion to amend must comply with Eastern District of Michigan Local Rule 15.1; (2) informed Plaintiff that the court does not have the contact information for defense counsel that Plaintiff requested because there is no defense counsel on record; and (3) informed Plaintiff that the court does not have Defendants' mailing addresses and is not otherwise obligated to acquire them for Plaintiff.  (Docket no. 12.)

Federal Bureau of Prisons OGC/Litigation Branch on March 22, 2018.  Plaintiff contends that this

document shows that the Federal Bureau of Prisons Central Office received all of the summonses

for Defendants and disregarded service under Rule 4(e)(2)(B) and (C).   Plaintiff concludes by

asserting that he has shown good cause and has diligently attempted to serve Defendants under

Rule 4, reiterating his request for defense counsel's information, asking the court to order "both

General Counsels" to serve Defendants, and reiterating his request for an extension of time for

service.

As the Court stated in its November 15, 2018 Order, Rule 4(i) dictates the procedure for

serving officers or employees of the United States with process where, as here, they are sued in

both their official and individual capacities:

> To serve a United States officer or employee sued in an individual capacity for an
> act or omission occurring in connection with duties performed on the United States'
> behalf (whether or not the officer or employee is also sued in an official capacity),
> a party must serve the United States and also serve the officer or employee under
> Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3).  The Court also delineated the proper methods for serving the United States

under Rule 4(i)(1) and for serving the individual defendants under Rule 4(e).

Plaintiff does not dispute that he failed to serve the United States in accordance with Rule

4(i)(1), but he does assert that he effected proper service on Defendants under Rule 4(e)(2)(B) and

(C).   Rule 4(e)(2) provides that an individual may be served by (A) delivering a copy of the

summons and complaint to the individual personally; (B) leaving a copy of the summons and the

complaint at the individual's dwelling or usual place of abode with someone of suitable age and

discretion who resides there; or (C) delivering a copy of the summons and complaint to an agent

of the individual authorized by appointment or law to receive service of process.  Fed. R. Civ. P.

4(e)(2).   The certified mail that Plaintiff sent to the Bureau of Prisons does not meet these

requirements because Rule 4(e)(2) does not permit service by mail.  *Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *2 (E.D. Mich. Sept. 21, 2011), *report and recommendation adopted*, No. 2:10-CV-11242, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012) (citing *Dortch v. First Fidelity Mortgage Co. of Mich., Inc.,* 8 F. App'x 542, 546 (6th Cir. 2001); *Bowers v. Janey*, 468 F. Supp. 2d 102, 107 (D.D.C. 2006); *Staudte v. Abrahams,* 172 F.R.D. 155, 156 (E.D. Pa. 1997)).  Indeed, the Sixth Circuit has found that service via certified mail at an individual's place of employment, like that attempted by Plaintiff here, does not constitute proper service on an employee sued in his individual capacity.  *Abel v. Harp*, 122 F. App'x 248, 250-51 (6th Cir. 2005).  Rule 4(e)(1) authorizes service on an individual under Michigan law, which, in turn, does permit service via certified mail, but Michigan law also provides that service is made when the defendant acknowledges receipt of the mail, and it requires the plaintiff to attach a copy of the return receipt signed by the defendant to the proof of service itself.  Mich. Ct. R. 2.105(A). There are no such return receipts in the record.

To the extent that Plaintiff's service of the summonses and Complaint via certified mail on the general counsel at FCI Milan and the Federal Bureau of Prisons Central Office in Washington, D.C. meets part of the requirements of Federal Rule of Civil Procedure 4(i)(2) for serving a federal officer or employee sued in his official capacity, Rule 4(i)(2) also requires the party to serve the United States in accordance with the procedure outlined in Rule (4)(i)(1), which Plaintiff did not do.  *See Young v. FSA,* No. 4:07CV-117-M, 2010 WL 583651, at *1-2 (W.D. Ky. 2010) (dismissing complaint where plaintiff served federal agency but not United States Attorney's Office or Attorney General).  Plaintiff has therefore failed to serve the United States or Defendants in accordance with Federal Rule of Civil Procedure 4(i) within the time allotted under Rule 4(m) and by the court.

Plaintiff bears the burden of establishing good cause for his failure to properly effectuate service, which "necessitates a demonstration of why service was not made within the time constraints." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). Courts have noted that ignorance of the rules and inadvertent failures or half-hearted efforts to serve a defendant are not good cause for failure to serve a party on time. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991); *Scarton v. Charles*, 115 F.R.D. 567, 569 (E.D. Mich. 1987) (citing *Reynolds v. United States,* 782 F.2d 837 (9th Cir. 1986)); *Nwokocha v. Perry,* 67 F. App'x 912, 914 (6th Cir. 2003) (affirming the dismissal of a suit against the government when the *pro se* plaintiff failed to properly serve summons on the defendant).

Plaintiff provides no explanation for his failure to serve the United States pursuant to Rule 4(i)(1). And with regard to his improper attempt to serve Defendants, Plaintiff asserts that he had no other choice but to serve them through the Bureau of Prisons General Counsel because he does not have Defendants' contact information. Yet it was Plaintiff's responsibility to acquire that information, despite the fact that he is an inmate proceeding *pro se*. *See Matje v. Zestos,* No. 13-14791, 2017 WL 3599275, at *3 n.2 (E.D. Mich. July 30, 2017), *report and recommendation adopted*, No. 13-cv-14791, 2017 WL 3593372 (E.D. Mich. Aug. 21, 2017) (citations omitted) ("While a *pro se* prison inmate necessarily operates at a disadvantage *vis-a-vis* a litigant in free society, he or she still has an obligation to provide a correct address for service.") Plaintiff does not assert, and there is no other indication, that Plaintiff made any efforts to acquire Defendants' contact information other than his aforementioned requests to the court for defense counsel's contact information.[2] Essentially, Plaintiff has not shown good cause for his failure to effectuate

---

[2] As the Court previously noted, no attorney has appeared on behalf of Defendants in this matter because Defendants have not been served. Thus, the Court does not have any contact information for defense counsel and is not otherwise obligated to actively seek out and provide addresses or other contact information for Defendants or defense counsel to Plaintiff in order to help Plaintiff effectuate service. *See Fitts v. Sicker*, 232 F. App'x 436, 444 (6th Cir. 2007).

service or to further extend the time for service.  Accordingly, Plaintiff's Complaint should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  April 8, 2019                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**<u>PROOF OF SERVICE</u>**

  I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Antoine Jones on this date.

Dated:  April 8, 2019    <u>s/ Leanne Hosking</u>
            Case Manager